IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DERECK RYAN SCHELL, )
 )
 Plaintiff, )
 )
vs. ) Case No. CIV-14-12-FHS-SPS
 )
PONTOTOC COUNTY BOARD OF )
COUNTY COMMISSIONERS, et. )
al., )
 )
 Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Motions to Dismiss filed by Pontotoc County Board of County Commissioners (Dkt. # 33); James Tillison (Dkt. # 45); Gary Starns, Randy Floyd and Justin Roberts (Dkt. # 47); Steven Kessinger (Dkt. # 49); City of Ada (Dkt. # 58) and Brian Engel (Dkt. 59). For the reasons stated herein, this Court finds the Amended Complaint should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Allegations

The Amended Complaint arises out of Plaintiff's arrest following law enforcement officer's entry into his residence and the subsequent conviction and imprisonment resulting from his nolo contendre plea to the crime of Pointing a Firearm at a Person, in violation of 21 O.S. § 1289.16. Plaintiff originally

filed his Complaint on January 15, 2014.[1] On March 31, 2014, prior to any responsive pleading by any named defendant, Plaintiff filed a ninety-eight (98) page Amended Complaint (Dkt. # 29) along with a fifty-three (53) page "Brief in Support 42 U.S.C. § 1983".[2] Plaintiff alleges he was arrested on December 19, 2009 and held in the City of Ada municipal jail until January 17, 2010 on municipal charges of Possession of Paraphernalia and Possession of Marijuana. According the the amended complaint, Plaintiff was ultimately charged with the state crime of Pointing a Firearm at a Person in Pontotoc County District Court, Case No. CF-09-596[3] and he entered a plea of nolo contendre to the state criminal charge and was convicted and sentenced on April 26, 2010. Plaintiff brings this civil rights complaint alleging mallicious prosecution, prosecutorial misconduct, and double jeopardy. Plaintiff's alleges James Tillison, the assistant district attorney who prosecuted the state charges against him and Steven Kessigner, the state court

---

[1] The caption on the original Complaint (Dkt. # 1) read "Derek Ryan Schell, Plaintiff v. Pontotoc County Board of County Comm'rs Et., al., (sic) Defendant(s)." The body of this Complaint, however, named only five defendants, i.e. Steven Kessinger, James Tillison, Larry Balcerack, the City of Ada and Brian Engel.

[2] The caption on the Amended Complaint read the same as the original caption. The body of the Amended Complaint named three additional individuals as defendants, Gary Starnes, Randy Floyd and Justin Roberts. Despite not actually naming the Board of County Commissioners in the body of his Amended Complaint, plaintiff had summons issued to all of the named defendants as well as to the Pontotoc County Board of County Commissioners. Therefore, liberally construing Plaintiff's Amended Complaint, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), this Court will address the Amended Complaint as it relates to every defendant named anywhere in the Amended Complaint.

[3] Plaintiff's Amended Complaint cites from portions of his state court transcripts and to the original record of these proceedings but none of those state court records were provided to this Court.

judge who presided at his proceedings, were the final policymaker(s) for the County of Pontotoc. Plaintiff asserts prosecutorial misconduct by the prosecutor for not fully advising the court of the entire plea agreement and malicious prosecution based on what plaintiff terms "double jeopardy" because plaintiff was found guilty in a separate municipal court trial of Possession of Paraphernalia and Possession of Marijuana. Plaintiff further alleges he was defrauded by his court appointed attorney of record Larry Balcerack. Plaintiff previously challenged this state court conviction by filing a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court, Case No. CIV-12-203-JHP-KEW. On July 27, 2012, the petition was dismissed with prejudice because it was barred by the one-year statute of limitations. *See*, Dkt. # 23 in Eastern District of Oklahoma Case No. CIV-12-203-JHP-KEW. A motion for reconsideration was denied on June 18, 2012. *Id.*, at Dkt. # 27. Thereafter, Plaintiff sought habeas corpus relief, pursuant to 28 U.S.C. § 2241, from the same state court conviction in the Western District of Oklahoma, Case No. CIV-12-860-C. The court found the action was a second or successive § 2254 petition and dismissed said petition. *Schell v. Vaughn*, 2013 WL 5362208 (W.D. Okla. 2012), *aff'd Schell v. Vaughn*, 549 Fed.Appx. 788 (10th Cir. 2013) and *Schell v. Vaughn*, 2012 WL 5362210 (W.D. Okla. 2012).

Plaintiff's amended complaint seeks Twenty Five Million Dollare fom the Defendants Pontotoc County Board of Comm'rs and the City of Ada "for the wrongful sentence(s) emotional distress caused by the pain and suffering" plus $1,500 a daay for each day of illegal incarceration.  Additionally, plaintiff seeks unspecified compensation for emotional distress and unspecified punitive damages as well as attorney fees.  Finally, Plaintiff requests the Court to fashion an equitable remedy to prevent further Fourth Amendment violations from occurring against any other citizens.

## *Legal Analysis*

**A.  Standard for Dismissal**

Title 42 U.S.C. § 1983 provides a federal remedy against any person who, acting under color of state law, deprives another of his federal rights.  *Conn v. Gabbert*, 526 U.S. 286, 290, 119 S.Ct. 1292, 1295, 143 L.Ed.2d 399 (1999).  Two prima facie elements must be alleged in a 1983 complaint: 1) the defendant deprived the plaintiff of a right secured by the 'Constitution and laws' of the United States and 2) the defendant acted 'under color of law.'  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §1915(e)(2)(B). The Court applies the same standard of review for a dismissal under § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). A civil rights claim should be dismissed only where it appears that the plaintiff could prove no set of facts entitling him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1516 (10th Cir. 1988) (citing *Owens v. Rush*, 654 F.2d 1370, 1378-79 (10th Cir. 1981)).

A motion to dismiss for failure to state a claim for relief, pursuant to Rule 12(b)(6), tests the "legal sufficiency" of the claims asserted in the complaint. To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. "A claim has facial plausibility when the

pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 545, 127 S.Ct. at 1960 and *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). A pro se litigant's pleadings are held to less stringent standards than those drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). On the other hand, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.*, 550 U.S. at 558, 127 S.Ct. at 1966. The court can not assume the role of advocate for a pro se litigant and should, therefore, dismiss claims supported by vague or conclusory allegations. *Hall*, 935 F.2d, at 1110. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal

theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Ballilstreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

**B. Plaintiff's Claims**

1. *Claims against Pontotoc County Board of County Commissioners*

In order for plaintiff to prevail on his 1983 claims against the Board, he must satisfy the requirements for municipal liability, as set forth in *Monell v. Department of Social Services of N.Y.C.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Generally, local governments may not be sued under §1983 for injuries inflicted solely by its employees or agents on a respondeat superior theory of liability.  *Parris v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010)(citing *Monell, supra*, 436 U.S. at 694).  A local government may, however, be subject to §1983 liability for "inadequate training of its employees." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).  However, the Supreme court has made it clear that more is required than just inadequate training.

> Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983.  As Justice BRENNAN's opinion in *Pembaur v. Cincinnati*, 475 U.S. 469, 483-484, 106 S.Ct. 1292, 1300-1301, 89 L.Ed.2d 452 (1986) (plurality) put it: '[M]unicipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various

7

> alternatives' by city policymakers. *See also Oklahoma City v. Tuttle*, 471 U.S., at 823, 105 S.Ct., at 2436 (opinion of REHNQUIST, J.). Only where a failure to train reflects a "deliberate" or "conscious" choice by a municipality – a "policy" as defined by our prior cases – can a city be liable for such a failure under § 1983.

*City of Canton*, 488 U.S. at 389, 109 S.Ct. at 1205.

Plaintiff's allegations regarding municipal liability are completely devoid of facts which would establish any policy and/or custom actually caused Plaintiff's alleged injuries. The amended complaint does not allege any specific conduct or actions by the Board or County Commissioners. The only time the plaintiff mentions the Board is when he alleges that "James Tillison and Steven Kessinger were the final policymaker(s) for the County of Pontotoc. . . ." Dkt. 29, at p. 4. Plaintiff does not identify what "municipal policy" is involved. Moreover, under Oklahoma law, neither the assistant district attorney nor the judge were acting on behalf of the Board in prosecuting state criminal charges such that their actions would be deemed to create municipal policy.

Additionally, in Oklahoma, the statute of limitations for a civil rights cause of action is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). *See also*, OKLA. STAT. tit. 12, §95(A)(3). Section 1983 claims accrue, for the purpose of the statute of limitations, "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'"

*Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981) (quoting *Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977), *cert. denied*, 444 U.S. 842 (1979)). The constitutional violations which Plaintiff complains of occurred between his arrest on December 19, 2009 and his sentencing on April 26, 2010. This lawsuit was not filed until January 14, 2014, more than four (4) years after the alleged misconduct and more than three and one-half years (3½) after his conviction and sentence and more than a year and a half (1½) after the two year statute of limitations expired. Accordingly, this Court finds the action against the Pontotoc County Board of County Commissioners should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. *Claims against Larry Balcerack*

Plaintiff asserts in his amended complaint that Larry Balcerack was his court-appointed attorney in the state criminal (Pontotoc County Case No. CF-09-596). A public defender does not "act under color of state law" when exercising his independent professional judgment on behalf of his client in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) and *Harris v. Champion*, 51 F.3d 901, 909 (10th Cir. 1995). Defendant Balcerack, therefore, is not liable for an alleged § 1983 civil rights violation. While public defenders are not immune from liability with regard

9

to alleged conspiratorial action with state officials to deprive a criminal defendant of his federal constitutional rights, *see Tower v. Glover*, 467 U.S. 914, 920-921 (1984), the court finds plaintiff's amended complaint is devoid of any facts which would establish a conspiracy to violate his civil rights. The plaintiff voluntarily entered a plea of nolo contendre to the state criminal charges, his conviction has never been set aside, and he can not now try to establish ineffective assistance of counsel to recover under § 1983 for alleged civil rights violations. See, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1984)("[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). Accordingly, Plaintiff's amended complaint against Defendant Balcerack shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

3. *Claims against James Tillison*

Plaintiff's Amended Complaint alleges James Tillison was the assistant district attorney who prosecuted his state

criminal case (Pontotoc County Case No. CF-09-596). A state prosecutor is entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 91976); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991). A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. *Imbler*, 424 U.S. at 430.

Applying these principles to the instant case, the Court finds all of the actions of Defendant Tillison were taken in prosecuting criminal charges against the plaintiff and, therefore, Defendant Tillison is entitled to absolute prosecutorial immunity from civil damages. Accordingly, Plaintiff's amended complaint seeking damages against Defendant Tillison shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

4. *Claims against Gary Starns, Randy Floyd and Justin Roberts*

Plaintiff's amended complaint asserts each of these defendants are employed as Pontotoc County Commissioners. Although Plaintiff served each of these individual commissioners with a summons, the amended complaint does not identify any specific act attributable to any of the individual named

11

commissioners or by the Board as an entity. Personal participation is an essential element for liability under § 1983. *Bennett v. Passic*, 545 F.2d 1260, 1262-1263 (10th Cir. 1976). Furthermore, for the reasons discussed above when considering the claims against the Board, this Court finds the action against Gary Starns, Randy Floyd and Justin Roberts should be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

5. *Claims against Steven Kessinger*

Plaintiff's amended complaint asserts plaintiff was sentenced by Special Judge Steven Kessinger (Pontotoc County Case No. CF-09-596). Plaintiff appears to be alleging that his conviction and sentence were the result of illegal activity by and between the special district judge, the assistant district attorney and his court-appointed attorney. However, no facts support this conclusory allegation.

A state court judge has absolute immmunity for his or her actions, unless they were nonjudicial or taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). In this case, the Court finds the actions taken by Defendant Kessinger were judicial and within his jurisdiction as a Special Court Judge for the District Court of Pontotoc County, State of Oklahoma. As previously indicated, the conviction has never been vacated.

Therefore, the Court concludes Defendant Kessinger is absolutely immune from monetary damages in this civil rights action. Accordingly, the action against Steven Kessinger should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

6. *Claims against City of Ada*

According to plaintiff's amended complaint, on December 19, 2009, plaintiff's residence was searched, evidence was seized and he was arrested by City of Ada police officer Brian Engel. Plaintiff claims the search of his home and seizure of evidence therein was illegal and resulted in an illegal and improper conviction and sentence. Plaintiff seeks to impose liability upon the city based upon the principles enunciated in *Monell, supra*. Oklahoma's statute of limitations, however, bars any action against the City of Ada. *Meade v. Grubbs*, *supra* and OKLA. STAT. tit. 12, § 95(A)(3).

To the extent plaintiff is seeking recovery under the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 *et. seq.,* this Court finds plaintiff has failed to allege sufficient facts to establish compliance with that act. Moreover, as previously indicated, *habeas corpus* was plaintiff's exclusive remedy to challenge the fact or duration of his confinement. *Heck v. Humphrey*, *supra*. Having failed to have his conviction overturned, plaintiff fails to state a claim for

relief against the City of Ada. Accordingly, this Court finds, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), this action should be dismissed against the City of Ada.

7. *Claims against Brian Engel*

For the reasons discussed in the section regarding the City of Ada's claims, this Court finds, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii), this action should be dismissed against Brian Engel.

## Conclusion

After thoroughly reviewing and liberally construing plaintiff's *pro se* amended complaint, the Court finds for the reasons stated herein that this case should be dismissed against all named defendants with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**It is so ordered** on this 27th day of February, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma